IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRICIA WHITLEY,<br><br>    Plaintiff,<br>v.<br><br>ZOËS KITCHEN HOLDING COMPANY, LLC, and CAVA GROUP, INC. d/b/a ZOËS KITCHEN,<br><br>    Defendants. | Civil Action<br>File No.: |

**DEFENDANT CAVA GROUP, INC.'S PETITION FOR REMOVAL**

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division.

COMES NOW, Cava Group, Inc. by and through its undersigned counsel, and files its Petition for Removal and respectfully show this Court the following:

1. Cava is a named defendant in a civil action brought against it in the State Court of Gwinnett County, State of Georgia, in this District and Division, the same being entitled Patricia Whitley v. Cava Group, Inc. d/b/a Zoë's Kitchen, Civil Action File No. 24-C-02883-S6.

2. The Summons and Complaint in that action were filed in the State Court of Gwinnett County on April 1, 2024, as were first received by Cava by service

through Cava's registered agent on April 11, 2024. Thus, Cava timely files this petition for removal.

3. Cava files herewith a copy of all process, pleadings, and orders including the Summons and Complaint in this action, pursuant to 28 USC § 1446. (Attached hereto as Exhibits A).

4. Plaintiff is and, at all times relevant, was a citizen of the State of Georgia.

5. Cava Group, Inc. is now and was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of Delaware having its principal place of business in Washington, District of Columbia.

6. Zoë's Kitchen Holding Company, LLC is now and was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of Delaware having its principal place of business in Texas.

7. In the lawsuit, Plaintiff also named various fictitious defendants. 28 USC § 1441(b)(1) provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded. Accordingly, this Court can ignore all fictitious defendants for purposes of establishing diversity jurisdiction.

8. When considering whether complete diversity of the parties, the Plaintiff is a citizen of Georgia, and Defendant is considered a citizen of Delaware and of

Washington, D.C. Therefore, complete diversity exists, and this case is properly removed pursuant to the provisions of 28 U. S. C. §§ 1332, 1367, and 1441 et seq. the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Plaintiff's Complaint alleges on June 8, 2022, she slipped and fell on a liquid substance on the floor. The complaint itemizes $50, 978.00 in special damages for injuries sustained in the fall which included injury to her right shoulder and a fractured elbow. Plaintiff further alleges she suffered extensive physical pain, suffering, and mental anguish.

10. The complaint makes additional claims for damages which are not itemized, including future medical expenses, past and future pain and suffering, past and future loss of life, and permanent impairment.

11. "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

12. Because no specific amounts are alleged for several elements of damages, including general damages, this court should look to "other paper" to

determine if the amount in controversy is met. Plaintiff's counsel served a pre-suit demand letter on December 14, 2023, which provides more information on the amount in controversy. (See Exhibit B).

13. The demand provides additional factual background, claiming Plaintiff sustained "serious injuries and permanent injury" as a result of "[employees] failure to take the proper care by placing cones or blocking off this area where the water was located" where Plaintiff walked and fell. (Exhibit B, p. 1). The demand goes on to state Plaintiff sustained a fracture to her right elbow, injury to her right shoulder and hand. (Exhibit B, p. 2). Plaintiff concluded the letter demanding $675,000.00 to settle. (Exhibit B, p. 4).

In total, Plaintiff is claiming $675,000.00. Thus, Plaintiff's alleged damages exceed the jurisdictional sum of greater than $75,000, exclusive of interests and costs.

14. This action is a civil action of which this Court has original jurisdiction under the provisions of Title 28 of the United States Code §1332(a) and accordingly, is one which may be removed to this Court by Defendant pursuant to the provisions of Title 28 of the United States Code §1441, in that it is a civil action in which the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs and is between citizens of different states.

15. Cava attached a copy of its Notice of Removal, which is being submitted for filing to the State Court of Gwinnett County, Georgia. A copy is attached as Exhibit C.

16. This action is currently pending in the State Court of Gwinnett County, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division. 28 U.S.C.A. § 1446(a).

WHEREFORE the Defendant prays the above action removed to this Court remain in this Court's jurisdiction.

This 10th day of May, 2024

        Chartwell Law
        Attorneys for Defendant

By: */S/ROBERT A. LUSKIN*
    Robert A. Luskin
    GA State Bar No.: 004383
    rluskin@chartwelllaw.com
    Danielle N. Glover
    GA State Bar No.: 650569
    dglover@chartwelllaw.com
    3200 Cobb Galleria Parkway, Suite 250
    Atlanta, GA 30339
    Main (404) 410-1151
    Fax (404) 738-1632

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRICIA WHITLEY,<br><br>    Plaintiff,<br>v.<br><br>ZOËS KITCHEN HOLDING COMPANY, LLC, and CAVA GROUP, INC. d/b/a ZOËS KITCHEN,<br><br>    Defendants. | Civil Action<br>File No.: |

## RULE 7.1 CERTIFICATE OF COMPLIANCE

The foregoing document is double spaced in 14 point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 5.1(B).


By: */S/ROBERT A. LUSKIN*
Robert A. Luskin
GA State Bar No.: 004383
rluskin@chartwelllaw.com
Danielle N. Glover
GA State Bar No.: 650569
dglover@chartwelllaw.com
3200 Cobb Galleria Parkway, Suite 250
Atlanta, GA 30339
Main (404) 410-1151
Fax (404) 738-1632

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRICIA WHITLEY,<br><br>    Plaintiff,<br>v.<br><br>ZOËS KITCHEN HOLDING COMPANY, LLC, and CAVA GROUP, INC. d/b/a ZOËS KITCHEN,<br><br>    Defendants. | Civil Action<br>File No.: |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this ***DEFENDANT CAVA GROUP, INC.'S PETITION FOR REMOVAL*** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Raymond T. Brooks, Jr.
**Law Office of Raymond T. Brooks, Jr.**
281 Scenic Highway
Lawrenceville, Georgia 30046
rtboffice@yahoo.com
*Attorney for Plaintiff*

This 10th day of May, 2024.

By:   */s/ Robert A. Luskin*
       Robert A. Luskin

GA State Bar No.: 004383
rluskin@chartwelllaw.com
3200 Cobb Galleria Parkway, Suite 250
Atlanta, GA 30339
Main (404) 410-1151
Fax (404) 738-1632